## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BE LABS, INC., <br><br>               Plaintiff, <br><br>      v. <br><br> CRADLEPOINT, INC., <br><br>               Defendant. | C.A. No. 18-00625-RGA <br><br> JURY TRIAL DEMANDED |

## DEFENDANT CRADLEPOINT, INC.'S ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

Defendant Cradlepoint, Inc. ("Cradlepoint") files this Answer to Plaintiff Be Labs, Inc.'s ("Be Labs" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint"). Cradlepoint denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### THE PARTIES

1.     Cradlepoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.     Cradlepoint admits it is a corporation organized and existing under the laws of the State of Delaware with a place of business at 1111 W Jefferson Street, Ste. 400, Boise, ID 83702.

### JURISDICTION

3.     Cradlepoint admits that the Complaint purports to set forth an action for alleged patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

4.      Cradlepoint admits that the Court has subject matter jurisdiction over this action for alleged patent infringement.

5.      Cradlepoint admits that this Court has personal jurisdiction over it.

## VENUE

6.      For purposes of this Complaint, Cradlepoint admits that venue is proper in the District of Delaware, but denies that venue is convenient. Cradlepoint otherwise denies the remaining allegations in paragraph 6 of the Complaint.

## PATENTS-IN-SUIT

7.      Cradlepoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies all such allegations.

### The '581 Patent

8.      Cradlepoint admits that the document attached as Exhibit A purports to be U.S. Patent No. 7,827,581 (the "'581 Patent"), and that document is entitled "Wireless Multimedia System." Cradlepoint admits that Exhibit A purports to have been filed on February 28, 2001 and purports to have issued of November 2, 2010. Cradlepoint admits that Exhibit A identifies U.S. Provisional Application No. 60/185,862 filed February 29, 2000 as a related U.S. application. Cradlepoint otherwise denies the remaining allegations in paragraph 7 of the Complaint.

9.      Cradlepoint denies the allegations in paragraph 9 of the Complaint.

10.     Cradlepoint admits that the '581 patent recites: "This invention relates to a wireless distribution system for home or business comprising a unitary distribution box, called a wireless multimedia center, which has inputs for receiving signals from one or more sources. Signals are then re-broadcast throughout the site by low energy digital transmissions, at energy levels just above background radiation," "These EU transceivers are presently contemplated as a

video end unit (VEU) for TV and radio, and a communications end unit (CEU), for telephone and data," and "The data channel instructs the WMC which program and data signals to send to which EU." Cradlepoint denies the remaining allegations in paragraph 10 of the Complaint.

**The '183 Patent**

11.     9,344,183 (the "'183 Patent"), and that document is entitled "Wireless Multimedia System." Cradlepoint admits that Exhibit B purports to have been filed on October 1, 2010 and purports to have issued on May 17, 2016. Cradlepoint admits that Exhibit B states that it is a continuation of application No. 09/796,270. Cradlepoint otherwise denies the remaining allegations in paragraph 11 of the Complaint.

12.     Cradlepoint denies the allegations in paragraph 12 of the Complaint.

13.     Cradlepoint admits that the '183 patent recites similar language as the '581 patent. Cradlepoint denies the remaining allegations in paragraph 13 of the Complaint.

**COUNT I**

**[ALLEGED] INFRINGEMENT OF THE '581 PATENT**

14.      Cradlepoint incorporates by reference its answers set forth in paragraphs 1 to 13.

15.     Cradlepoint denies the allegations in paragraph 15 of the Complaint.

16.     Cradlepoint admits that it sells the Cradlepoint AP22 WiFi Access Point.

17.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 17 of the Complaint.

18.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 18 of the Complaint.

19.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 19 of the Complaint.

20.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 20 of the Complaint.

21.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 21 of the Complaint.

22.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 22 of the Complaint.

23.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 23 of the Complaint.

24.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 24 of the Complaint.

25.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 25 of the Complaint.

26.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 26 of the Complaint.

27.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 21 of the Complaint.

28.     Cradlepoint denies the allegations in paragraph 28 of the Complaint.

29.     Cradlepoint denies the allegations in paragraph 29 of the Complaint.

30.     Cradlepoint denies the allegations in paragraph 30 of the Complaint.

## COUNT II

## [ALLEGED] INFRINGEMENT OF THE '183 PATENT

31.     Cradlepoint incorporates by reference its answers set forth in paragraphs 1 to 30.

32.     Cradlepoint denies the allegations in paragraph 32 of the Complaint.

33.     Cradlepoint admits that it sells the Cradlepoint AP22 WiFi Access Point.

34.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 34 of the Complaint.

35.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 35 of the Complaint.

36.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 16 of the Complaint.

37.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 37 of the Complaint.

38.     Cradlepoint admits that the AP22 WiFi Access Point complies with aspects of IEEE standards 802.11ac and 802.11n. Cradlepoint denies the remaining allegations in paragraph 38 of the Complaint.

39.     Cradlepoint denies the allegations in paragraph 39 of the Complaint.

40.     Cradlepoint denies the allegations in paragraph 40 of the Complaint.

41.     Cradlepoint denies the allegations in paragraph 41 of the Complaint.

## DEMAND FOR JURY TRIAL

42.     Be Labs' demand for a jury trial does not require a response from Cradlepoint.

43.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Cradlepoint denies them.

## PRAYER FOR [ALLEGED] RELIEF

Cradlepoint denies that Be Labs is entitled to any relief from Cradlepoint and denies all of the allegations contained in Be Labs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

Cradlepoint's Affirmative Defenses are listed below. Cradlepoint reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1.     Cradlepoint does not and has not infringed, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or

jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable, asserted claim of the Patents-in-Suit.

## SECOND DEFENSE

2.      Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3.      Be Labs is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## FOURTH DEFENSE

4.      To the extent that Be Labs and alleged predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Cradlepoint's actions allegedly infringed the Patents-in-Suit, Cradlepoint is not liable to Be Labs for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

## FIFTH DEFENSE

5.      Be Labs' attempted enforcement of the Patents-in-Suit against Cradlepoint is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH DEFENSE

6.       Be Labs' claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Be Labs is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## SEVENTH DEFENSE

7.       Be Labs' Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

8.       The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by Cradlepoint.

## NINTH DEFENSE

9.       To the extent that Be Labs asserts that Cradlepoint infringes under a theory of joint infringement, Cradlepoint is not liable to Be Labs. Cradlepoint does not provide or perform each element of any claim of the Patents-in-Suit, and any actions of third parties accused by Be Labs are not attributable to Cradlepoint.

## TENTH DEFENSE

10.       Be Labs is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## ELEVENTH DEFENSE

11.       Be Labs is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## TWELFTH DEFENSE

12.       Should Cradlepoint be found to infringe any valid, enforceable claim of the Patents-in-Suit, such infringement was not willful.

### THIRTEENTH DEFENSE

13.     To the extent that Be Labs asserts that Cradlepoint indirectly infringes, either by contributory infringement or inducement of infringement, Cradlepoint is not liable to Be Labs for the acts alleged to have been performed before Cradlepoint knew that its actions would cause indirect infringement.

### CRADLEPOINT'S COUNTERCLAIMS

For its counterclaims against Plaintiffs Be Labs, Inc. ("Be Labs" or "Plaintiff"), Counterclaim Plaintiff Cradlepoint, Inc. ("Cradlepoint"), asserts the below-listed counterclaims. Cradlepoint reserves the right to amend its Answer to add additional counterclaims, consistent with the facts discovered in the case.

### PARTIES

1.     Counterclaim Plaintiff Cradlepoint, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1111 W Jefferson Street, Ste. 400, Boise, ID 83702.

2.     Upon information and belief based solely on Paragraph 1 of the Complaint as plead by Be Labs, Counterclaim Defendant Be Labs, Inc. is a New York corporation with a principal place of business and headquarters is at 1285 Greenbriar Lane, North Belmore, NY 11710.

### JURISDICTION

3.     Cradlepoint incorporates by reference paragraphs 1–3 above.

4.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.       Be Labs has consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

6.       Based solely on Be Labs' filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.       Cradlepoint incorporates by reference paragraphs 1–6 above.

8.       Based on Be Labs' filing of this action and at least Cradlepoint's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Cradlepoint infringes U.S. Patent Nos. 7,827,581 (the "'581 Patent") and 9,344,183 (the "'183 Patent") (collectively, the "Patents-in-Suit").

9.       Cradlepoint's investigation is ongoing, and Cradlepoint therefore reserves the right to supplement and amend its non-infringement positions based on additional information obtained through discovery or other means and as appropriate in response to the Court's determination of issues.

10.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., Cradlepoint requests a declaration by the Court that Cradlepoint has not infringed and does not infringe any claim of the Patents-in-Suit under any theory.

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.     Cradlepoint incorporates by reference paragraphs 1–10 above.

12.     Based on Be Labs' filing of this action and at least Cradlepoint's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

13.     On information and belief, the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14.     Wireless distribution of video or audio signals was conventional before the alleged invention of the Patents-in-Suit. In the prior art, it was known to persons of ordinary skill in the art to implement wireless routers to distribute data across a local network. *See, e.g.*, '183 Patent at 4:12–14.

15.     For example, the IEEE 802.11 was published and in use prior to the priority date of the Patents-in-Suit.

16.     The IEEE 802.11a-1999 standard defined requirements for an orthogonal frequency division multiplexing (OFDM) communication system. A IEEE 802.11a compliant systems allowed signals, including video and audio signals, to be transmitted form a central router via OFDM to a plurality of 802.11 compliant enabled end units.

17.     Moreover, the idea of using one-way communication channels was well-known to a person of ordinary skill in the art at the time of the alleged invention and forms the basis for television broadcasting. For example, the satellite signals and terrestrial broadcast signals described by the Patents-in-Suit are examples of separate and dedicated radio frequency channels.

18.     Thus, the claims of the Patents-in-Suit are invalid under at least 35 U.S.C. § 103. For example, the claims are rendered obvious by IEEE 802.11a in view of standard television broadcast systems. IEEE 802.11a is prior art to the Patents-in-Suit under at least 35 U.S.C. § 102(b) because it was published no later than on September 1999. Indeed, the patent examiner cited IEEE 802.11 during examination of the Patents-in-suit, and the patentee describes the IEEE

802.11 standard as one way to implement the alleged invention. It would have been obvious to one of ordinary skill in the art to implement the IEEE 802.11 using the dedicated communication channels and standard television broadcasting techniques described as prior art in the Patents-in-Suit.

19.     IEEE 802.11a in view of television broadcasting discloses each and every element of the claims of the Patents-in-Suit.

20.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., Cradlepoint requests a declaration by the Court that the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Cradlepoint asks this Court to enter judgment in Cradlepoint's favor and against Be Labs by granting the following relief:

a)      a declaration that the asserted claims of the Patents-in-Suit are invalid;

b)      a declaration that Cradlepoint does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c)      a declaration that Be Labs take nothing by its Complaint;

d)      judgment against Be Labs and in favor of Cradlepoint;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Cradlepoint of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Cradlepoint hereby demands trial by jury on all issues.


Dated: June 18, 2018                           FISH & RICHARDSON P.C.


                                               By: */s/ Jeremy D. Anderson*
                                                   Jeremy D. Anderson (No. 4515)
                                                   222 Delaware Avenue, 17th Floor
                                                   Wilmington, Delaware 19801
                                                   (302) 658-5070 (Telephone)
                                                   (302) 652-0607 (Facsimile)
                                                   janderson@fr.com

                                                   Neil J. McNabnay
                                                   David B. Conrad
                                                   Ricardo J. Bonilla
                                                   William Collier
                                                   Michael Vincent
                                                   1717 Main Street, Suite 5000
                                                   Dallas, Texas 75201
                                                   mcnabnay@fr.com; conrad@fr.com;
                                                   rbonilla@fr.com; collier@fr.com;
                                                   vincent@fr.com

                                                   ATTORNEYS FOR DEFENDANT
                                                   CRADLEPOINT, INC.